## BEATTY *v.* THE STATE OF MARYLAND.

1812.

March 15th.

*Present....All the Judges.*

ERROR to the Circuit Court for the district of Columbia, sitting in Washington.

A final account settled by an administrator with the Orphan's Court, is not conclusive evidence in his favor upon the issue of devastavit vel non.

This was an action of debt brought at the instance and for the use of *Thomas Corcoran* against Thomas Beatty upon the administration bond of Mrs. Doyle, administratrix, with the will annexed, of Alexander Doyle. The Defendant was one of her sureties in that bond. The Defendant after *oyer* pleaded a special performance of every item in the condition of the bond. To which the Plaintiff replied a judgment *de bonis testatoris* obtained by him, in May, 1799, against the administratrix, fieri facias upon that judgment and a return of *nulla bona.* The replication also avers that the administratrix had in her hands, at the time of the judgment, goods of her testator sufficient to satisfy the debt, but that she *wasted* them. The Defendant took issue upon the *devastavit.*

Upon the trial of this issue, the Defendant below took a bill of exceptions which stated—that the Plaintiff offered in evidence the record of the judgment in May, 1799, against the administratrix for 357 dollars, and the fieri facias returned *nulla bona.* And also the *inventory* which she had exhibited to the orphans Court of Montgomery county, in Maryland, in January, 1795.

VOL. VII.   37

BEATTY
v.
STATE OF
MARY'D.

amounting to *l*.3701 2 7 Maryland currency, of which 200*l*. is stated in the inventory to be *cash*. Also an account of the administratrix with the estate of her testator, rendered by her to the Orphan's Court upon oath on the 17th of August, 1799, in which she charges herself with the sum of 1085*l*. in addition to the former inventory, making in the whole 4786*l*. and claims credit for sums paid to other creditors whose claims were not entitled to preference, amounting to 3566*l*.—leaving a balance still in her hands of 1220*l*. equal to 3253 dollars, and also a second account rendered by her upon oath to the Orphan's Court in November, 1799, charging herself with a further sum of assets to the amount of *l*.463 15 5 in addition to the former balance and claiming credit for *l*.1607 16 11 paid to sundry creditors not entitled to preference, and still leaving a balance of 76*l*. in her hands to be administered. The Defendant then offered in evidence, a third account rendered by the administratrix to the Orphan's Court in 1801, in which she charges herself with the former balance of 76*l*. and claims allowance for payments and commissions to the amount of 123*l*. leaving a balance in her favor of 47*l*. To this account, as well as to the two former, was annexed a certificate from the register of wills, that the administratrix made oath on the Holy Evangels of Almighty God, that the account was just and true as it stood stated, and that she had *bona fide* paid or secured to be paid the several sums for which she claimed an allowance *" which after due examination passed by order of Court."*

This account was offered as conclusive evidence for the Defendant on the issue. But the Court instructed the jury that it was not conclusive evidence in favor of the Defendant upon that issue; and further at the request of the Plaintiff's counsel, instructed the jury that the said record of the judgment, the inventory and the two accounts of the administratrix offered in evidence on the part of the Plaintiff were conclusive evidence in his favor to prove the devastavit on the part of the administratrix, to the amount of the Plaintiff's claim : to which instructions of the Court the Defendant excepted ; and the verdict and judgment being against him he brought his writ of error.

F. S. Key, *for the Plaintiff in error.*

The question is whether the final settlement of the administration account is conclusive.

If the Court has a power to pass such an account,—if it be a Court of competent jurisdiction, its sentence is conclusive upon every other Court. The sentence of the ecclesiastical Court is conclusive in England, as to all matters within its jurisdiction. *Peake's Law of Ev.* 69, 76, 78.—*Ambler,* 760—3, *T. R.* 125.

The order of the Court, settling the account is a *judicial,* not a ministerial act.

Had the Orphan's Court power to settle and adjust the account?

By the act of assembly of Maryland, of February, 1777, *c.* 8, which was in force at the time these letters of administration were granted, the Orphan's Courts had all the jurisdiction and authority which the *commissary general* had before.

By the act of 1715, c. 39. sect. 2, the commissary general was to proceed *according to the laws of England,* and to hold his Court once every two months. By the 3d section, he was to call all executors and administrators to exhibit inventorie within three months, and *render accounts within twelve months* next after administration committed; and to enforce obedience by *attachment* for contempt. By the 7th and 18th sections, he is to transmit an account of the distribution to the County Courts. By the 27th section there was an *appeal* to the *Governor* from the sentence of the *Commissary general.*

By the 34th section, the deputy commissaries had power to *pass, audit and allow* all such accounts as should come before them " relating to dead men's estates," not exceeding 50*l.* provided there were no controversy thereon; but if any person claiming any interest in such estates should object to any articles of the account, the deputy commissary was to send it, with all papers, &c. to the commissary general, " *before*

BEATTY
v.
STATE OF
MARY'D.

*whom all parties are to appear and defend their interest."* By the 40th section, the *prerogative Court* (which was the commissary general's Court) had like authority in enforcing obedience to its process, orders, interlocutory sentences and decrees, as the high Court of Chancery had.

By the act of 1718, c. 5, the person entitled to the residue of an estate may, after 12 months from the date of the letters of administration, sue "for such residuary "part as shall appear to be due by such accounts as "shall then be made up."

This jurisdiction over accounts appears also in the practice of the commissary's Court, as stated in the *deputy commissary's guide, p. 45 to 49,* which shows also that the settlement of the account by that Court was always holden to be conclusive upon the County Courts. In the appendix p. 198, is the form of a special commission to pass an account. It appears also that all the vouchers are to be surrendered and filed upon passing the account. This shows that it must be conclusive; for nothing could be more unjust than to oblige a man to be always ready to account and to support his account, after taking from him all his vouchers.

DUVALL, *J.*

The account was only binding upon the representatives of the estate, the *distributees;* and they might still open it in the general Court. But the creditors are no parties to the settlement of the account, and cannot be bound by it.

There can be no doubt that the judgment against the administratrix, the inventory and two first accounts were conclusive evidence of a *devastavit.*

MARSHALL, *Ch. J.* I believe that is the law throughout the United States.

The Court is unanimously of opinion that the settlement of the account by the Orphan's Court is not conclusive evidence for the Defendant upon the issue joined.

*Judgment affirmed.*